# ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2005 JUL -1 PM 12: 34

CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

JAMES FREDRICK SMITH, JR.,       )
                                 )
            Plaintiff,           )
                                 )
    v.                           )        CV 104-170
                                 )
RUSSELL CANTERBURY, et al.,      )
                                 )
            Defendants.          )

---

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Plaintiff, an inmate incarcerated at D. Ray James State Prison in Folkston, Georgia,

commenced the above-captioned case pursuant to 42 U.S.C. § 1983. On March 11, 2005,

the Court screened Plaintiff's original § 1983 complaint that was filed *in forma pauperis*; the

Court directed that service of process be effected on Defendant Canterbury but also

recommended that Sheriff Clay Whittle and Deputy Matthew Baxley be dismissed from the

case. (See doc. nos. 8 & 9). Plaintiff did not file any objections, and on April 6, 2005, the

Honorable Dudley H. Bowen, Jr., United States District Judge, dismissed Sheriff Whittle and

Deputy Baxley from the case. (See doc. no. 11). Defendant Canterbury, represented by

counsel, filed his answer on June 3, 2005, and a Scheduling Notice was issued. (Doc. nos.

16 & 18). The deadline for amending pleadings is August 2, 2005. (Doc. no. 18).

The matter is now before the Court because Plaintiff timely amended his complaint.[1] As Plaintiff's amended complaint was filed *in forma pauperis* it must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A.

## I. BACKGROUND

Plaintiff alleges that on July 31, 2003, Defendants Canterbury and Baxley, law enforcement officers for the Columbia County Sheriff's Office, came to his residence, located in Evans, Georgia, to serve a misdemeanor warrant for simple battery under the guise of obtaining Plaintiff's signature on some papers.[2] According to Plaintiff, the deputies knocked on his back door as he was getting out of the shower; Plaintiff maintains that although he asked for a moment to finish getting dressed, the deputies declined to wait. Instead, they used a "key they obtained" to enter Plaintiff's residence.[3] (Doc. no. 20, ¶ 10). Plaintiff claims that the deputies did not announce that they were serving a warrant, and when he saw them entering his residence, he got scared and fled out a front window.

---

[1] As explained in a simultaneously filed Order, under Fed. R. Civ. P. 15(a), Plaintiff is entitled to amend his complaint once as a matter of right prior to service of a responsive pleading.

[2] Plaintiff maintains that the warrant should never have been issued. However, the Defendants named in the current lawsuit are not alleged to have been involved in securing the warrant.

[3] Plaintiff offers no details on how the officers obtained a key to his residence.

Plaintiff then locked himself in his vehicle, causing Defendant Canterbury to attempt to kick in a window on the vehicle to reach Plaintiff to arrest him. When neither deputy could access Plaintiff inside the car, and after Plaintiff "put[] his vehicle in drive and eased forward six to eight inches" while Defendant Canterbury was standing in front of Plaintiff's car, Defendant Canterbury shot Plaintiff through the driver's side window. (Id. ¶ 15). Plaintiff alleges that after he was shot, he unlocked the door, and Defendant Baxley roughly pulled Plaintiff from the car and needlessly held him at gun point until the paramedics arrived.

Plaintiff alleges that Sheriff Whittle was "grossly negligent" in supervising his deputies. (Id. ¶ 24). According to Plaintiff, Defendant Canterbury was never placed on administrative leave after the shooting, even though Sheriff Whittle was "very aware" that he shot an unarmed person. Plaintiff further argues that because Sheriff Whittle did not take any action against his deputies, Defendant Canterbury was later involved in another incident in which unidentified sheriff's deputies shot and killed a woman under circumstances that Plaintiff has not described.

Plaintiff seeks monetary damages for his physical injury and the violation of his constitutional rights.

## II. DISCUSSION

As the Court explained when it screened Plaintiff's original complaint, Sheriff Whittle cannot be held liable based on his supervisory position over the other two law enforcement officers Plaintiff has named as defendants. That is, in the Eleventh Circuit, "supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." Hartley v. Parnell,

3

193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 & 694 n.58 (1978). To hold an official in a supervisory position liable, Plaintiff must demonstrate that either (1) the supervisor personally participated in the alleged constitutional violation, or (2) there is a causal connection between actions of the supervising official and the alleged constitutional violation. Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)). Plaintiff has not alleged that Sheriff Whittle was personally involved with the shooting on July 31, 2003.

Similarly, Plaintiff fails to allege a "causal connection" between Sheriff Whittle, and the asserted constitutional violations. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (per curiam) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation). The "causal connection" can be established "when a history of widespread abuse[4] puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). A causal connection may also be shown when the facts support "an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352,

---

[4] The standard for demonstrating "widespread abuse" is high. In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." Brown, 906 F.2d at 671 (emphasis added).

1360 (11th Cir. 2003). Plaintiff has not alleged the necessary causal connection with respect to Sheriff Whittle. Plaintiff's allegation of inappropriate action on one occasion - namely during the course of an arrest on July 31, 2003 - does not show there was a history of widespread abuse that put Sheriff Whittle on notice of the need for corrective action or that he had an improper custom or policy that violated any of Plaintiff's constitutional rights.[5] Thus, Sheriff Whittle should not be added back into this case.

### III. CONCLUSION

For the reasons set forth above, Sheriff Whittle cannot be held liable based on a theory of *respondeat superior*. Therefore, the Court **REPORTS** and **RECOMMENDS** that Sheriff Whittle not be added back into this case.[6]

SO REPORTED and RECOMMENDED this _12t_ day of July, 2005, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[5]The event that Plaintiff apparently offers as an allegation that Sheriff Whittle ignored a widespread safety problem with his deputies - a woman being shot under unknown circumstances - occurred <u>after</u> Plaintiff was shot. This later-occurring event could not have put Sheriff Whittle on notice of a problem <u>before</u> Plaintiff was shot.

[6]By separate Order, the Court has directed that service of process be effected on Defendant Baxley and that Defendant Canterbury respond to the allegations in the amended complaint.

# United States District Court
## *Southern District of Georgia*

SMITH

)

vs )   CASE NUMBER  CV 104-170

CANTERBURY )   DIVISION   AUGUSTA

The undersigned, a regularly appointed and qualified deputy in the office of the Clerk of this district, while conducting the business of the Court for said division, does hereby certify the following:

1.   Pursuant to the instructions from the Court and in the performance of my official duties, I personally placed in the United States Mail a sealed envelope, and properly addressed to each of the persons, parties or attorneys named below; and

2.   That the aforementioned enveloped contained a copy of the document dated 7/1/05 , which is part of the official record of this case.

Date of Mailing:   7/1/05

Date of Certificate   ☒ same date,   or _____

Scott L. Poff,  Clerk

By: _____

Joe Howell, Deputy Clerk

Name and Address

JAMES F. SMITH, JR. SERVED @ PRISON ADDRESS
TERRY E. WILLIAMS

☐ Copy placed in Minutes
☐ Copy given to Judge
☒ Copy given to Magistrate